IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBRA THORNTON<br>317 Hartel Avenue<br>Philadelphia, PA 19111<br>　　　　　Plaintiff,<br>v.<br><br>TEMPLE UNIVERSITY HEALTH<br>SYSTEM, INC.<br>2450 West Hunting Park Avenue, 4th Fl<br>Philadelphia, PA 19129<br>　　and<br>AMERICAN ONCOLOGIC HOSPITAL a/k/a<br>FOX CHASE CANCER CENTER<br>333 Cottman Ave.<br>Philadelphia, PA 19111<br>　　and<br>FOX CHASE CANCER CENTER<br>333 Cottman Ave.<br>Philadelphia, PA 19111<br>　　　　　Defendants. | CIVIL ACTION<br><br>JURY TRIAL DEMANDED<br><br>NO.: |

## COMPLAINT

### I.　PRELIMINARY STATEMENT

1.　Plaintiff, Denra Thornton (hereinafter "Plaintiff") brings this action under the Family Medical Leave Act, 29 U.S.C. §2601, *et seq.* (hereinafter "FMLA"). Plaintiff seeks equitable relief, compensatory damages, costs and attorney fees from Defendants, Temple University Health System, Inc. ("Temple"), American Oncologic Hospital a/k/a Fox Chase Cancer Center ("American"), and Fox Chase Cancer Center ("Fox Chase") (collectively "Defendants") for Defendants' discriminatory practices and other tortuous actions.

### III. THE PARTIES

2. Plaintiff is an adult individual and citizen of the Commonwealth of Pennsylvania residing at the above-captioned address.

3. Upon information and belief, Defendant, Temple University Health System, Inc. is a Pennsylvania corporation, business, partnership or otherwise that maintains a principal place of business at the above-captioned address and is licensed and authorized to do business in the Commonwealth of Pennsylvania.

4. Upon information and belief, Defendant, American Oncologic Hospital a/k/a Fox Chase Cancer Center is a Pennsylvania corporation, business, partnership or otherwise that maintains a principal place of business at the above-captioned address and is licensed and authorized to do business in the Commonwealth of Pennsylvania.

5. Upon information and belief, Defendant, Fox Chase Cancer Center is a Pennsylvania corporation, business, partnership or otherwise that maintains a principal place of business at the above-captioned address and is licensed and authorized to do business in the Commonwealth of Pennsylvania.

6. At all times material hereto, Defendants acted individually, and/or through its agents, representatives, servants and/or employees, ostensible or otherwise, who were then and there engaged in DEFENDANTS' business and acting within the scope of their agency, servitude and/or employment on behalf of DEFENDANTS.

7. At all times material hereto, the conduct of DEFENDANTS as enumerated within this Complaint occurred within the Commonwealth of Pennsylvania and the County of Philadelphia.

## II. JURISDICTION AND VENUE

8. Jurisdiction over this action is conferred on this Court by 28 U.S.C. §1331 and 28 U.S.C. §1343.

9. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391.

10. At all times material hereto, DEFENDANTS was "engaged in an industry effecting commerce" as defined in the Labor Management Relations Act, 29 U.S.C. 142 (1) and (3).

11. At all times material hereto, DEFENDANTS employed more than fifty (50) employees.

12. At all times material hereto, DEFENDANTS was an "employer" as defined by the FMLA, 29 U.S.C. §2611.

13. At all times material hereto, Defendants aided and abetted the interference, discrimination, hostile work environment and harassment that Plaintiff was subjected to during the course and scope of her employment.

14. At all times material hereto, Plaintiff was an "eligible employee" pursuant to the FMLA, 29 U.S.C. §2611 as Plaintiff was employed by DEFENDANTS for at least 12 months with respect to whom leave is requested under the FMLA, 29 U.S.C. §2601, *et seq.* and Plaintiff worked for at least 1,250 hours of service with such employer during the previous 12-month period.

## IV. FACTUAL BACKGROUND

15. In or about October 2012, Plaintiff was hired by DEFENDANTS as a Customer Service Operator where she worked full time for the Defendants.

16. At all times material hereto, the Plaintiff's supervisor was Tammie Hutt.

17. In or about March 2015 the Plaintiff applied successfully for intermittent FMLA Benefits and provided the Defendants with a completed form requesting such FMLA Benefits.

18. Plaintiff was approved for the requested FMLA Benefits.

19. As such, Plaintiff was provided the protection of FMLA at the time she was terminated.

20. On or about October 23, 2015 the Plaintiff was counseled by Tammie Hutt regarding her performance.

21. In or about November 5, 2015 Tammie Hutt placed the Plaintiff on a Performance Improvement Plan ("PIP") providing the Plaintiff thirty (30) days to improve her performance.

22. The Plaintiff was not provided any further counseling regarding the PIP.

23. The PIP included language stating that "[i]f your performance problem has been the result of a personal situation, the Employee Assistance Program's resources are available to you."

24. At all times material hereto, Tammie Hutt knew or had reason to know that the Plaintiff had a medical condition and she was eligible and approved for FMLA benefits.

25. The Plaintiff was terminated on or about December 4, 2015.

26. The reasons provided were pretextual, as Plaintiff was placed on the PIP and was terminated because she was entitled to FMLA Benefits and used such benefits when medically required.

27. At all times material hereto, Plaintiff was qualified for her position.

28. At all times material hereto, Plaintiff was performing satisfactorily in her position except for the fact that she was being singled out by her supervisors for taking FMLA benefits and having a medical condition that may have affected her work product at times.

29. At all times material hereto, Plaintiff's family member suffered from a "serious health condition" as defined in the FMLA, 29 U.S.C. §2611.

30. Upon information and belief, Defendants had a continuing need for the work that Plaintiff had been performing.

31. Plaintiff was terminated because of her FMLA benefits.

32. Plaintiff was retaliated against because of her FMLA benefits.

## COUNT I
### Debra Thornton v. Temple University Health System, Inc., American Oncologic Hospital a/k/a Fox Chase Cancer Center, and Fox Chase Cancer Center
### **VIOLATION OF FAMILY MEDICAL LEAVE ACT, 29 U.S.C. 2601 *et seq.***

33. Plaintiff hereby incorporates by reference all of the aforementioned paragraphs as if fully set forth at length herein.

34. At all times material hereto, Plaintiff was an "eligible employee" as defined by the FMLA.

35. At all times material hereto, DEFENDANTS was an employer that was subject to the FMLA requirements.

36. At all times material hereto, Plaintiff was entitled to FMLA leave for her family member's serious medical condition.

37. At all times material hereto, Plaintiff provided Defendants notice of her intention to take FMLA leave as set forth herein.

38. At all times material hereto, Plaintiff was approved for intermittent FMLA benefits as set forth herein.

39. Defendants interfered with Plaintiff's rights under the FMLA as Defendants interfered with, restrained and/or denied Plaintiff's exercise and/or attempts to exercise her rights under the FMLA by terminating the Plaintiff.

40. Defendants willfully interfered with Plaintiff's exercising and/or attempting to exercise her rights under the FMLA as Defendants knowingly and recklessly disregarded Plaintiff's rights under the FMLA.

41. Defendants discriminated against Plaintiff for exercising and/or attempting to exercise her rights under the FMLA by subjecting Plaintiff to a hostile work environment, harassment, retaliation and terminating her for exercising and/or attempting to exercise her rights under the FMLA.

42. Plaintiff's termination was causally related to her FMLA leave as she was subjected to a hostile work environment, harassment and retaliation for exercising her rights under FMLA.

43. Plaintiff's exercising and/or attempting to exercise her rights under the FMLA was used by Defendants as a negative factor in DEFENDANTS's decision to terminate Plaintiff.

44. Defendants' reasons for disciplining and/or terminating Plaintiff were inconsistent and pretextual to obscure Defendants' discriminatory animus and purpose.

45. During the course and scope of Plaintiff's employment she was subjected to ongoing antagonism as a result of exercising and/or attempting to exercise her rights under the FMLA.

46. Defendants' aforementioned conduct and treatment of Plaintiff would discourage other employees from exercising and/or attempting to exercise their rights under the FMLA.

47. The conduct of Defendants treatment of Plaintiff in her employment, termination and retaliation violated the FMLA, 29 U.S.C. 2601, *et seq.* as Plaintiff's harassment, hostile work environment, retaliation and discharge from employment was based upon her family member's serious medical condition and/or disability.

WHEREFORE, Plaintiff, Debra Thornton, seeks a determination that Defendants violated the Family Medical Leave Act, 29 U.S.C. §2601, *et seq.* and requests all damages and relief permitted under the FMLA, including but not limited to: back pay and front pay; compensatory damages; equitable relief; retroactive relief; injunctive relief included but not limited to barring future discriminatory conduct; attorney's fees, expert fees, costs and expenses; and such further relief as this Court deems just and fair.

**Respectfully submitted,**

BY: _____
MARC A. WEINBERG, ESQUIRE
**Attorney for Plaintiff**
P.A. I.D. 60643
815 Greenwood Avenue, Suite 22
Jenkintown, PA 19046
215-576-0100

**Dated: December 4, 2017**