IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DEBRA THORNTON,**<br>　　　　　**Plaintiff,**<br><br>　　　　　v.<br><br>**TEMPLE UNIVERSITY HEALTH SYSTEM, INC.,**<br>**AMERICAN ONCOLOGIC HOSPITAL,**<br>also known as "FOX CHASE CANCER CENTER," and<br>**FOX CHASE CANCER CENTER,**<br>　　　　　**Defendant.** | **CIVIL ACTION**<br><br><br><br>NO. 17-5419 |

**DuBois, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**January 26, 2018**

**M E M O R A N D U M**

I.　　INTRODUCTION

In this suit arising under the Family Medical Leave Act ("FMLA"), 29 U.S.C. §2601, *et seq.*, plaintiff Debra Thornton asserts claims against her former employer for interference with her rights under the FMLA and retaliation for invoking those rights. Plaintiff identifies her former employer as defendants Temple University Health System, Inc., American Oncologic Hospital, and Fox Chase Cancer Center.[1] Presently before the Court is defendants' Motion to Dismiss Plaintiff's Amended[2] Complaint ("Motion"). Because plaintiff has provided only conclusory allegations against defendants, their Motion to Dismiss is granted.

---

[1] Although the Complaint does not describe the relationship between the three defendants, it alleges that all three were collectively plaintiff's employer. Compl. ¶ 14. Defendants do not challenge this allegation. The Court will refer to these entities as "plaintiff's employer" in this Memorandum.
[2] The Court notes that plaintiff has not filed an Amended Complaint in this case and will consequently construe defendants' Motion as a Motion to Dismiss Plaintiff's Complaint.

## II. BACKGROUND

The facts below are drawn from plaintiff's Complaint. The Court construes that complaint in the light most favorable to the plaintiff, as it must in a motion to dismiss. The facts set forth in the Complaint may be summarized as follows:

In October 2012, plaintiff was hired by defendants in a fulltime position as a Customer Service Operator. Compl. ¶ 15. In March 2015, plaintiff "applied successfully for intermittent FMLA benefits" for an unspecified medical condition. *Id.* ¶¶ 17, 24. Plaintiff was approved for FMLA benefits and at some unspecified time, took leave pursuant to the FMLA. *Id.* ¶¶ 18, 26, 28.

On October 23, 2015—seven months after plaintiff applied for FMLA benefits—plaintiff's supervisor "counseled" her for unspecified performance issues. Compl. *Id.* ¶ 20. On November 5, 2015, plaintiff was placed on a thirty-day performance improvement plan ("PIP"). *Id.* ¶ 21. Plaintiff was not provided further counseling, and was terminated on or around December 4, 2015. *Id.* ¶ 25. Plaintiff alleges that defendants' proffered reason (again, unspecified in the Complaint) was pretextual, that plaintiff was qualified for her position and performing satisfactorily, and that her termination was a result of taking leave for her medical condition. *Id.* ¶¶ 26-28.

Plaintiff filed her Complaint on December 4, 2017, setting forth one count of violation of the FMLA. Plaintiff claims that defendants violated the FMLA by interfering with her rights under the FMLA and subjecting her to a hostile work environment, harassment, retaliation, and

termination for invoking those rights.[3] Defendants filed their Motion to Dismiss on January 3, 2018. Defendants' Motion is ripe for decision.

### III. LEGAL STANDARD

"The purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of a complaint." *Nelson v. Temple Univ.*, 920 F. Supp. 633, 674 n.2 (E.D. Pa. 1996). To survive a motion to dismiss, plaintiff must allege "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663. In assessing the plausibility of the plaintiff's claims, a district court first identifies those allegations that constitute nothing more than "legal conclusions" or "naked assertions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555, 557 (2007). Such allegations are "not entitled to the assumption of truth" and must be disregarded. *Iqbal*, 556 U.S. at 679. The court then assesses "the 'nub' of the plaintiff['s] complaint—the well-pleaded, nonconclusory factual allegation[s]"—to determine whether it states a plausible claim for relief. *Id.*

### IV. DISCUSSION

#### A. Applicable Law

Plaintiff asserts her claims under the FMLA, which provides, in relevant part, that "eligible employees are entitled to 12 workweeks of leave during any 12-month period due to an employee's own serious health condition." *Capps v. Mondelez Glob.*, LLC, 847 F.3d 144, 151 (3d Cir. 2017) (quoting *Ross v. Gilhuly*, 755 F.3d 185, 191 (3d Cir. 2014)). "When employees

---

[3] This Court could find no authority—and plaintiff provided none—recognizing a cause of action for harassment or creation of a hostile work environment under the FMLA. The Court will thus address those allegations and her termination in considering her claim of retaliation.

invoke rights granted under the FMLA, employers may not 'interfere with, restrain, or deny the exercise of or attempt to exercise' these rights. Nor may employers 'discharge or in any other manner discriminate against any individual for opposing any practice made unlawful.' The former provision is generally, if imperfectly, referred to as 'interference' whereas the latter is often referred to as 'retaliation.'" *Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 691 F.3d 294, 301 (3d Cir. 2012) (quoting 29 U.S.C. § 2615(a)(1)-(2)). As noted above, plaintiff brings claims for both interference and retaliation.

### B. Interference

To state a claim for interference under the FMLA, a plaintiff must establish: "(1) he or she was an eligible employee under the FMLA; (2) the defendant was an employer subject to the FMLA's requirements; (3) the plaintiff was entitled to FMLA leave; (4) the plaintiff gave notice to the defendant of his or her intention to take FMLA leave; and (5) the plaintiff was denied benefits to which he or she was entitled under the FMLA." *Ross v. Gilhuly*, 755 F.3d 185, 191 (3d Cir. 2014). Defendants argue plaintiff has not adequately pled facts supporting the fifth element, denial of benefits under the FMLA.[4] The Court agrees.

Plaintiff fails to allege that she was denied benefits under the FMLA. She pleads that she was approved to take leave under the FMLA and that she was ultimately terminated for "us[ing] such benefits when medically required." Compl. ¶ 26. Although the Court must draw all

---

[4] Plaintiff's Response in Opposition to Defendant's [*sic*] Motion to Dismiss Plaintiff's Complaint does not address the substance of any of defendants' arguments. She instead asserts that her "Complaint sufficiently sets forth factual allegations that give rise to an entitlement of relief and are not mere recitations of legal conclusions." Doc. No. 9 at 4. The Court disagrees, for the reasons set forth in this Memorandum. Likewise, plaintiff argues that defendants seek to have plaintiff "set forth every factual detail which could be uncovered following the completion of discovery in [her] initial Complaint." *Id.* at 5. Again, the Court disagrees. Plaintiff should be able to allege the facts at the heart of her claims, including whether she was actually denied her rights under the FMLA and the timing of the leave she took.

reasonable inferences in favor of plaintiff in deciding defendants' Motion, plaintiff claims that she was terminated for taking leave under the FMLA without stating what leave was taken and when it was taken. She then alleges that defendants denied her FMLA benefits without stating what benefits were denied or when. These allegations are insufficient, without more, to state a claim of interference with FMLA rights.

The Third Circuit has similarly affirmed judgments on interference claims against plaintiffs who actually received the FMLA benefits to which they was entitled. In *Ross v. Gilhuly*, the employee requested and was granted leave under the FMLA for surgery. 755 F.3d at 189. Upon his return, his employer re-implemented an existing performance improvement plan, and the employee filed suit. *Id.* at 190. The Third Circuit affirmed a grant of summary judgment against the employee because he "received all of the benefits to which he was entitled by taking leave and then being reinstated to the same position from which he left." *Id.* at 192; *accord Capps*, 847 F.3d at 156 ("[W]e have made it plain that, for an interference claim to be viable, the plaintiff must show that FMLA benefits were actually withheld."). Thus, plaintiff's Complaint will be dismissed to the extent it purports to set forth a claim for FMLA interference.

### C. Retaliation

In addition to her claim for interference, plaintiff claims that defendants retaliated against her for invoking her rights under the FMLA. To state a claim for retaliation, a plaintiff must allege that "(1) she invoked her right to FMLA-qualifying leave, (2) she suffered an adverse employment decision, and (3) the adverse action was causally related to her invocation of rights." *Lichtenstein*, 691 F.3d at 302. Defendants argue that plaintiff has not adequately pled that her termination was causally related to the invocation of her FMLA rights. The Court agrees.

5

As an initial matter, the Court rejects conclusory pleadings in deciding a motion to dismiss. *Iqbal*, 556 U.S. at 679. "[S]imply paraphras[ing]" the relevant statute or the elements of a claim does not suffice. *Wood v. Williams*, 568 Fed. Appx. 100, 106-07 (3d Cir. 2014) (alterations in original) (quoting *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009)). The Court thus disregards plaintiff's conclusory allegation that she was "terminated because she was entitled to FMLA Benefits and used such benefits when medically required." Compl. ¶ 26.

Plaintiff's remaining allegations are not sufficient to support an inference that her termination was causally related to the invocation of her FMLA rights. In a retaliation claim, a causal relationship may be inferred, *inter alia*, from allegations of a close temporal proximity between events, "a pattern of antagonism," or inconsistencies in the defendant's explanations. *Cf. Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 280 (3d Cir. 2000). However, "temporal proximity must be measured in days, rather than in weeks or months, to suggest causation without corroborative evidence." *Conklin v. Warrington Twp.*, No. 1:06-CV-2245, 2009 U.S. Dist. LEXIS 36256, at *13 (M.D. Pa. Apr. 30, 2009) (citing *Farrell*, 206 F.3d at 279; *Shellenberger v. Summit Bancorp, Inc.*, 318 F.3d 183, 189 (3d Cir. 2003)).

Plaintiff does not adequately allege grounds for inferring a causal relationship between the invocation of her FMLA rights and her termination. For example, she does not allege that there was a pattern of antagonism or inconsistencies in the defendants' explanation for her termination.

Further, plaintiff does not allege adequate grounds to infer a causal relation from the temporal proximity between the invocation of her FMLA rights and her termination. Notably, plaintiff does not state when she took leave pursuant to the FMLA. The only temporal link alleged between the invocation of her FMLA rights and any action taken by defendants was that

6

she "applied successfully" for FMLA benefits in March 2015 and was placed on a PIP and terminated in November and December 2015. This period of seven months is insufficient, without more, to support an inference of a causal relationship between the invocation of her FMLA rights and her termination. Consequently, plaintiff's Complaint will be dismissed to the extent it purports to set forth a claim for retaliation.

V. CONCLUSION

For the foregoing reasons, defendants Temple University Health System, Inc., American Oncologic Hospital, and Fox Chase Cancer Center's Motion to Dismiss Plaintiff's Amended [*sic*] Complaint is granted without prejudice to plaintiff's right to file an amended complaint. "[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). The Court does not find amendment would be inequitable or futile. Thus, plaintiff is granted leave to file an amended complaint within twenty (20) days if warranted by the facts and applicable law as stated in this Memorandum. An appropriate order follows.